IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

MONTRAIL FERRELL, a.k.a. §
AKHENATUN KHALID EL BEY, §
          Petitioner, §
           §
V. § CIVIL ACTION NO. 4-16-CV-625-O
           §
LEIGHTON ILES, Director, §
Community Supervision and Corrections §
Department, Tarrant County, Texas, §
          Respondent. §

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Montrail Ferrell, a.k.a. Akhenatun Khalid El-Bey, a person in state custody, against Leighton Iles, director of Tarrant County's Community Supervision and Corrections Department, Respondent.[1] After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed without prejudice on exhaustion grounds.

**I. BACKGROUND**

Petitioner was charged by information in Tarrant County, Texas, Case No. 1354878, with falsely identifying himself as a police officer. Resp't's Reply 15, ECF No. 9.[2] On November 13, 2014, Petitioner pleaded not guilty to the charge, but, following a bench trial, he was found guilty and placed on 12 months' community supervision. *Id.* at 16. Petitioner appealed his conviction, but the Second District Court of Appeals of Texas affirmed the trial court's judgment on February 4,

---

[1] Although filed on a form § 2241 habeas petition, the petition is construed, and has been treated, as a petition pursuant to 28 U.S.C. § 2254, which is the proper vehicle for attacking the validity of a state-court conviction. *See* 28 U.S.C. § 2254(a).

[2] The pagination in the ECF header is used when citing to the Respondent's reply brief and attached exhibits.

2016. *Id.* at 18-19. Public records indicate that Petitioner did not file a timely petition for discretionary review and that his motion for extension of time to do so was denied by the Texas Court of Criminal Appeals. Public records do not indicate that Petitioner filed a postconviction state habeas-corpus application followed by the appellate procedure provided by state law.

## II. ISSUES

Petitioner raises four grounds for relief (all spelling and/or grammatical errors are in the original):

- "Jurisdiction of court had been challenged/deprivation of rights under color of law" (ground one);

- "County Criminal Court No. 9 administatively operate in dishonor and default" (ground two);

- "County Criminal Court No. 9 is a small claims court" (ground three); and

- "Acted in manner inconsistent with due process of law" (ground four).

Pet. 5-6, ECF No. 1.

## III. RULE 5 STATEMENT

In his reply, Respondent asserts that the petition should be dismissed without prejudice for failure to exhaust state-court remedies or, in the alternative, denied on the merits. Resp't's Reply 4-12, ECF No. 9.

## IV. EXHAUSTION

Applicants seeking habeas corpus relief under § 2254 are required to exhaust all claims in the state courts before requesting federal habeas relief. 28 U.S.C. § 2254(b)(1), (c)[3]; *Fisher v. Texas*,

---

[3]The terms of 28 U.S.C. § 2254(b) and (c) provide in pertinent part as follows:

(b)(1) An application for a writ of habeas corpus on behalf of a person

169 F.3d 295, 302 (5th Cir. 1999). In order to exhaust, a petitioner must "fairly present" all of his claims to the highest state court for review. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 842-48 (1999); *Richardson v. Procunier,* 762 F.2d 429, 430-31 (5th Cir. 1985). A habeas-corpus petitioner who was granted community supervision by a Texas court may satisfy the exhaustion requirement by presenting both the factual and legal substance of his claim(s) to the Texas Court of Criminal Appeals in either a petition for discretionary review or a state habeas-corpus proceeding pursuant to article 11.072 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.072 (West 2015); *Alexander v. Johnson*, 163 F.3d 906, 908-09 (5th Cir. 1998); *Bd. of Pardons & Paroles v. Court of Appeals for the Eighth Dist.*, 910 S.W.2d 481, 484 (Tex. Crim. App. 1995). Petitioner did not file a timely petition for discretionary review in the Texas Court of Criminal Appeals nor has he demonstrated that he filed a postconviction state habeas-corpus application pursuant to the procedures provided in article 11.072 of the Texas Code of Criminal Procedure. Because there has been no fair presentation of Petitioner's claims to the Texas Court of Criminal Appeals, the claims are unexhausted.

---

in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
 (A) the applicant has exhausted the remedies available in the courts of the State; or
 (B)(i) there is an absence of available State corrective process; or
 (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
. . .

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

## V. CONCLUSION

For the reasons discussed herein, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DISMISSED without prejudice for lack of exhaustion of state-court remedies. Further, a certificate of appealability is DENIED as Petitioner has not made a substantial showing of the denial of a constitutional right or demonstrated that reasonable jurists would question this Court's procedural ruling.

**SO ORDERED** on this 16th day of October, 2017.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**